Jacob Chen
DGW Kramer LLP
One Rockefeller Plaza, 1060
New York, NY 10020
Telephone: 917-633-6860

Attorneys for High Hope Zhongtian Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
HIGH HOPE ZHONGTIAN CORPORATION

    Plaintiff,

v.

SUNBIRD USA INC;

    Defendant.
---------------------------------------------------------------x

Civil Action No. 1:22-cv-7569

**COMPLAINT**

Plaintiff High Hope Zhongtian Corporation. (the "**Plaintiff**"), by and through its undersigned attorneys, for its Complaint against Sunbird USA Inc. ("**Sunbird**" or "**Defendant**"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to enforce a China International Economic and Trade Arbitration Commission (the "Arbitration Commission") award in favor of Plaintiff and against Defendant.

2. Defendant is a party to 21 contracts for international sale of goods (the "Contracts"), all of which were governed by an arbitration provision which required that disputes arising out of such agreement be resolved by arbitration before the Arbitration Commission. Upon failure by Defendant to pay for goods sold, Plaintiff commenced an arbitration proceeding against

Defendant, to which Defendant was duly served by the Arbitration Commission. Plaintiff obtained an award against Defendant following presentation of evidence in a hearing. Plaintiff now commences this action to confirm the arbitration award as issued by the Arbitration Commission.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff High Hope Zhongtian Corporation, is a foreign corporation organized under the laws of the People's Republic of China.

4. Defendant is a foreign business corporation that is registered to do business in the State of New York, and is headquartered at 230 Fifth Avenue, Suite 510, New York, NY 10001.

5. This Court has subject matter jurisdiction pursuant to 9 U.S.C. §203 and 28 U.S.C. §1331.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b). Defendant is registered to and does business in this district.

## FACTUAL BACKGROUND

7. During the period from April 8, 2016 to May 17, 2017, Plaintiff and Defendant entered into the Contracts, for the sale of bedding items from Plaintiff to Defendant, for a total sum of $1,493,270.14.

8. After the Contracts were signed, the Plaintiff issued invoices in accordance with therewith and delivered the goods to the Defendant on time.

9. Pursuant to the Contracts, all disputes arising out of the Contracts was required to be litigated before the Arbitration Commission.

10. A total balance of $1,150,650.97 remained outstanding at the time the arbitration proceeding was commenced

11. A written Request for Arbitration was submitted by the Plaintiff to the Arbitration Commission on July 17, 2019. The Arbitration Commission accepted the case and issued it Case No. SHG20190266.

12. On August 2, 2019, the Arbitration Commission sent the Notice of Arbitration (with English translation), the Arbitration Rules and the Register of Arbitrators to the Plaintiff and the Defendant respectively by EMS International Express Postal Service (hereinafter "EMS"), together with the Request for Arbitration submitted by the Plaintiff and its appendixes, the Plaintiff's identity documents and relevant authorization documents.

13. These documents were served on Defendant at 230 Fifth Avenue, Suite 511, New York 10001, which is Defendant's registered address in New York.

14. On September 2, 2019, the Arbitration Commission re-served the returned Notice of Arbitration and other relative documents to the Respondent by EMS to 230 5th Ave, STE 510, 511, New York, NY 10001, which is Defendant's registered address in New York.

15. On October 23, 2019, the Arbitration Commission re-served the returned Notice of Arbitration and other related documents to the Respondent by EMS, to 480 Main Avenue, Unit 2, Wallington, NJ 07057, which is Defendant's registered address in New Jersey. The mail inquiry records showed that the above letters were duly delivered on October 28, 2019.

16. A panel of three arbitrators was appointed, one by Plaintiff and because of Defendant's default, two by the Chairman of the Arbitration Commission.

17. On April 7, 2020, the Arbitration Commission sent to the parties a Notice of Constitution of the Arbitration Tribunal and its accompanying Declaration by EMS. The service address of the Respondent was 480 Main Avenue, Unit 2, Wallington, NJ 07057.

18. On June 28, 2020, and July 15, 2020, the Plaintiff submitted proof to the Arbitration Commission as to the addresses at which Defendant was registered as doing business at and headquartered at.

19. On July 17, 2020, in accordance with the provisions of the Arbitration Rules regarding the deemed effective service, the Arbitration Commission, in accordance with the last known contact address and contact information of the Respondent, entrusted Beijing Global (Shanghai) Law Office to send the (2020) Z.G.M.Z.J.(Hu) Z. No. 007319 Notice on Re-delivery and Hearing to the Respondent, together with the Notice of Constitution of the Arbitration Tribunal and the appendixes thereto which are previously returned. Beijing Global (Shanghai) Law Office issued a Certificate of Commissioned Service to the Defendant (in essence an affidavit of service) on July 22, 2020. The papers gave Defendant notice of an upcoming hearing to be held on September 18, 2020.

20. Thereafter the Arbitration Commission held a hearing in Shanghai on September 18, 2020.

21. Defendant defaulted and did not appear at the hearing or send any representative to appear at the hearing on Defendant's behalf.

22. During the hearing, Plaintiff stated its claims for arbitration and presented evidence in support of its claim and responded to the inquiry by the arbitrators.

23. Subsequently, Plaintiff submitted post-hearing evidence as requested by the Arbitration Commission.

24. On November 13, 2020, the Arbitration Commission sent Defendant all materials as submitted in the hearing and all post-hearing submissions and provided Defendant one final opportunity to provide its comments or objections or requests for a second hearing.

25. On September 7, 2021, the Arbitration Commission issued its ruling in the action of Plaintiff against Defendant.

26. A copy of the original Arbitration Award along with a certified copy of a translation are attached as exhibits to the Complaint.

27. A copy of the Contracts and a translation of the Contracts are also attached as exhibits to the Complaint.

28. In its decision, the Arbitration Commission granted judgment in favor of Plaintiff against Defendant in the amounts of (a) $1,150,650.97 for unpaid goods sold to the Defendant; (b) RMB 150,000.00 ($22,214.65) in attorney's fees; (c) RMB 4,870.00 ($721.24) for notary fees; and (d) RMB 209,695.00 ($31,055.35) in arbitration fees.

**FIRST CAUSE OF ACTION**
**(RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRATION AWARD)**

29. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

30. The United States is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), which has been codified at Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq*.

31. The New York Convention applies to this Award, which was issued by the Arbitration Commission based in the People's Republic of China ("China"). China is a signatory to the New York Convention.

32. The Award was obtained pursuant to the Contracts, all of which contained the following arbitration provision agreed to by and between Plaintiff and Defendant: "Any dispute arising out of or in connection with this Contract shall be submitted to the China International Economic and Trade Commission for arbitration in accordance with its arbitration rules."

33. The Award was issued in favor of Plaintiff against Defendant in the amount of (a) $1,150,650.97 for unpaid goods sold to the Defendant; (b) RMB 150,000.00 ($22,214.65) in attorney's fees; (c) RMB 4,870.00 ($721.24) for notary fees; and (d) RMB 209,695.00 ($31,055.35) in arbitration fees.

34. The Award was issued following a hearing during which the Arbitration Commission inspected documentary evidence provided by Plaintiff showing Defendant's default with respect to the Contracts and failure to make payments on goods ordered and delivered.

WHEREFORE, Plaintiff respectfully demands judgment on Plaintiff's claim for enforcement of the Award against Defendant in the amount of $1,204,642.21, together with interest, attorney fees, costs, and any other relief the Court may deem just and proper

Dated:	September 5, 2022
	New York, New York

			Respectfully Submitted,
			DGW Kramer LLP


			By: /s/ Jacob Chen
				Jacob Chen, Esq.
				DGW KRAMER LLP
				One Rockefeller Plaza; Ste. 1060
				New York, NY 10020
				Tel: (917) 633-6860
				Fax: (917) 633-6183
				Email: jchen@dgwllp.com
				*Attorneys for Plaintiff*