UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HIGH HOPE ZHONGTIAN CORPORATION,

                      Plaintiff,

                                              22-cv-7569 (PKC)

       -against-

                                           <u>ORDER</u>

SUNBIRD USA INC,

                      Defendant.
--------------------------------------------------------------x

CASTEL, District Judge:

          High Hope Zhongtian Corporation ("High Hope") seeks to enforce a final

arbitration award (the "Final Award") from the China International Economic and Trade

Arbitration Commission (the "Arbitration Commission") against defendant Sunbird USA Inc.

("Sunbird"). High Hope's Complaint invokes the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "NY Convention") and the

implementing legislation, 9 U.S.C. §§ 201 et seq.

          In this action, Sunbird was served with process on September 23, 2022, by

service upon its statutory agent, the Secretary of State of the State of New York. Sunbird has

neither responded to the complaint nor sought an extension of time to do so. On November 16,

2022, the Clerk of Court entered a Certificate of Default.

          High Hope now moves for a default judgment. The motion also has been served

on Sunbird by service on New York's Secretary of State.

The Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate," and the Court must review the pleading and accompanying record in accordance with the standard for granting summary judgment.  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

DISCUSSION

A final award will be recognized and enforced under the NY Convention provided the party seeking recognition and enforcement supplies the Court with duly certified copies of the final award and the underlying arbitration agreement, together with certified translations. Article IV, NY Convention.  High Hope has met its burden of doing so.  A party seeking to oppose enforcement must raise and prove one of the five defenses enumerated in Article V(1) of the NY Convention.  Sunbird has failed to respond in any manner to either the Complaint or the present motion.

In addition to the five enumerated defenses, the Court may also refuse to enforce a final award if it violates "public policy" or the subject matter is not capable of resolution by means of arbitration in the place where enforcement is sought.

Here, Sunbird entered into 21 contracts for the sale of bedding items.  The contracts contained a clause providing for "final and binding" arbitration before the Arbitration Commission in Shanghai and conducted in accordance with its rules.  High Hope duly commenced the arbitration and notice was transmitted to Sunbird by the Arbitration Commission.  The first notice was mailed to a New York City address and returned, whereupon High Hope provided a second New York address for Sunbird.  The mailing to that address was also returned.  The Arbitration Commission sent the notice to a third address supplied by High

Hope and the Arbitration Commission confirmed delivery on October 28, 2019.  Sunbird, however, did not respond in any manner.

A three-person panel of arbitrators was appointed pursuant to the rules of the arbitral forum.  A hearing was held on September 18, 2020.  Sunbird was notified of the hearing but it neither appeared nor submitted evidence.  On September 7, 2021, the arbitral panel issued the Final Award in writing.[1]

High Hope was awarded $1,150,650.97 in damages against Sunbird for failure to pay for the goods sold and delivered.  High Hope was also awarded RMB 150,000.00 in attorney's fees, RMB 4,870.00 in a notarial fee and RMB 209,695.00 as the arbitration fee that had been prepaid by High Hope.

The Final Award addresses matters that are capable of submission to arbitration. The dispute was submitted to the arbitral tribunal pursuant to a written arbitration clause in the parties' agreements and the party against whom the award is sought to be enforced was provided with notice and an opportunity to be heard.  The proceedings fully accord with the NY Convention, the Final Award does not violate public policy and there is no other defense to enforcement appearing on the face of the record.  The Final Award will be enforced.

Converted at the current exchange rate posted by the Federal Reserve,[2] the portion of the award rendered in yuan or renminbi (RMB) is converted to $53,823.84, which when combined with the balance of the award of $1,150,650.97, equals $1,204,474.81.

---

[1] This action was timely commenced on September 5, 2022, within three years of the Final Award.  9 U.S.C. § 207.
[2] https://www.federalreserve.gov/releases/h10/current/ (last updated Feb. 6, 2023).

CONCLUSION

The motion (ECF 17) is GRANTED and the Final Award is enforced and recognized.  The Clerk shall enter judgment for High Hope against Sunbird in the total amount of $1,204,474.81, terminate the motion and close the action.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 9, 2023